UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Rachel Brown

    v.                                          No. 25-cv-88-LM-AJ

New Hampshire Dep't of
Health and Human Services


**REPORT AND RECOMMENDATION**

Self-represented plaintiff Rachel Brown has sued the New Hampshire Department of Health and Human Services ("NHDHHS"), alleging that NHDHHS has improperly calculated the amount of benefits to which she and her family are entitled. See Compl. (Doc. No. 1). Presently before the court for a recommended disposition is the defendant's motion to dismiss (Doc. No. 10), to which the plaintiff has objected (Doc. Nos. 12 and 13). The motion has been referred to the undersigned magistrate judge for a recommended disposition. See 28 U.S.C. § 636(b)(1)(B). As explained more fully below, the motion to dismiss should be granted because a prior state court judgment precludes Ms. Brown's claim.

**Factual Background and Prior Proceedings**[1]

Ms. Brown and her ex-husband were divorced in April 2023, but due to financial hardship, still live together. Their nineteen-year old son also lives with them. In March 2024, the New Hampshire Bureau of Family Assistance ("BAF") reduced Ms. Brown's benefits under the Supplemental Nutritional Assistance Program ("SNAP") because it classified the three individuals as a single household, rather than treating them as separate individuals.

Previously, Ms. Brown's ex-husband's Social Security Disability benefits were restored after he demonstrated that he was living with his ex-wife (the plaintiff) only out of financial hardship, and that her disability income should not be imputed to him. Relying on that decision, Ms. Brown appealed the BAF's decision to the DHHS's Administrative Appeals Unit, asserting that her ex-husband – and presumably his income --

---

[1] The factual narrative is drawn from Ms. Brown's complaint (Doc. No. 1), and various documents appended to her objection to the instant motion. As the defendant has not objected to the documents' submission, and the documents consist of court orders, administrative hearing decisions, and correspondence from government agencies regarding Ms. Brown's benefits, the court considers them in its analysis. See Lyman v. Baker, 954 F.3d 351, 360 (1st Cir. 2020) (noting that, when ruling on a motion to dismiss, the court can consider, among other things, documents "fairly incorporated into the complaint" and "facts susceptible to judicial notice," such state court decisions and filings).

should not be included in her household composition for SNAP benefits calculation. On June 17, 2024, the Appeals Unit affirmed the BAF, ostensibly because Social Security Disability and SNAP determinations have differing regulations. The notice of decision noted that plaintiff could seek reconsideration from the Appeals Unit, or seek review in the New Hampshire Supreme Court.

    Rather than pursuing either of those options, plaintiff filed suit in Hillsborough County Superior Court on June 29, 2024. The Superior Court granted DHHS's motion to dismiss on January 3, 2025, because it had no jurisdiction over the matter. Instead, the controlling statute, N.H. Rev. Stat. Ann. § 541:6, directs parties to seek reconsideration from the Administrative Appeals Unit, and then review in the New Hampshire Supreme Court.

    Ms. Brown then sought review of the Superior Court's dismissal in the New Hampshire Supreme Court, which denied her petition for review on February 14, 2025, and a subsequent motion for reconsideration on February 27, 2025. Plaintiff commenced this lawsuit on March 3, 2025.

## Discussion

    In support of its motion, DHHS argues that plaintiff has failed to state a claim upon which relief can be granted, and

alternatively, that her claim in this court is barred by the Rooker-Feldman doctrine. As the latter argument implicates this court's subject matter jurisdiction, the court addresses it first.

Rooker-Feldman Doctrine

"The Rooker-Feldman doctrine preserves the [United States] Supreme Court's exclusive jurisdiction over appeals from final state-court judgments by divesting lower federal courts of jurisdiction to hear certain cases brought by parties who have lost in state court[.]" Klimowicz v. Deutsche Bank Nat'l Trust Co., 907 F.3d 61, 64 (1st Cir. 2018) (internal quotations and citations omitted). The doctrine applies "where 'the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment.'" Federación de Maestros de P.R. v. Junta de Relaciones del Trabajo de P.R., 410 F.3d 17, 23-24 (1st Cir. 2005) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291 (2005)). Thus, "if federal litigation is initiated *after* state proceedings have ended, and the plaintiff implicitly or explicitly seek[s] review and rejection of [the state] judgment, then a federal suit seeking an opposite result is an impermissible attempt to appeal the state judgment to the

lower federal courts, and, under Rooker-Feldman, the federal courts lack jurisdiction." Id. at 24 (emphasis in original) (cleaned up).

"[A] federal court's application of the Rooker-Feldman doctrine is not contingent upon an identity between the issues actually litigated in the prior state-court proceedings and the issues proffered in the subsequent federal suit." Klimowicz, 907 F.3d at 66. Therefore, "a plaintiff cannot escape the Rooker-Feldman bar through the simple expedient of introducing a new legal theory in the federal forum that was not broached in the state courts." Id. On the other hand, "the Rooker-Feldman doctrine does not bar a 'general attack on the constitutionality' of a state law that 'do[es] not require review of a judicial decision in a particular case.'" Tyler v. Sup. Jud. Ct. of Mass., 914 F.3d 47, 51 (1st Cir. 2019) (alteration in original) (quoting D.C. Ct. of Appeals v. Feldman, 460 U.S. 462, 487 (1983)). As long as the "federal plaintiff presents an independent claim" that is not "directed towards undoing the prior state judgment[,]" the doctrine presents no impediment to the court's subject matter jurisdiction. Id. (quotations and citations omitted).

Here, it cannot reasonably be disputed that Ms. Brown's suit is barred by Rooker-Feldman. It was commenced only a few

5

days after the New Hampshire Supreme Court denied her motion for reconsideration of her unsuccessful appeal. Moreover, it unquestionably seeks "review and rejection of that judgment.'" Federación de Maestros de P.R., 410 F.3d at 23-24 (quoting Exxon Mobil Corp., 544 U.S. at 291)). Indeed, in her complaint, Ms. Brown's requests that her "ex-husband and son be removed" from her SNAP "household," the same relief she sought in the state court. Compl. (Doc. No. 1) at 4.

Put another way, Ms. Brown would have no reason to file this lawsuit unless the state courts had not ruled against her. Therefore her injuries were "caused by state-court judgments rendered before the district court proceedings commenced" and she is "inviting district court review and rejection of those judgments." Exxon Mobil Corp., 544 U.S. at 284. Nor does she present any "independent" claim that is not "directed towards undoing the judgments of the New Hampshire courts." Tyler v. Sup. Jud. Ct. of Mass., 914 F.3d 47, 51 (1st Cir. 2019) (alteration in original) (quoting D.C. Ct. of Appeals v. Feldman, 460 U.S. 462, 487 (1983)). (quotations and citations omitted). Therefore, pursuant to the Rooker-Feldman doctrine, this court lacks jurisdiction to hear Ms. Brown's case.

B. Failure to state a claim

Under Fed. R. Civ. P. 12(b)(6), the court must accept the well-pleaded factual allegations in the complaint as true, construe reasonable inferences in the plaintiff's favor, and "determine whether the factual allegations in the plaintiff's complaint set forth a plausible claim upon which relief may be granted." Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 68, 71 (1st Cir. 2014) (quotation omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Analyzing plausibility is "a context-specific task" in which the court relies on its "judicial experience and common sense." Id. at 679. Here, even if the court has jurisdiction to hear this case, the complaint nevertheless fails to state a claim upon which relief can be granted.

In support of its motion DHHS argues that the plaintiff failed to cite any legal authority for her request for relief. This is not entirely true, as, construing her filings liberally, the plaintiff does allege a violation of a provision of the Social Security Administration's Program Operations Manual System ("POMS"). Compl. (Doc. No. 1) at 3; Pltf. Obj. (Doc. No. 12) at 1. But those provisions, by their own terms, apply only to Social Security matters, like those involving plaintiff's ex-

7

husband. They cannot form the basis of plaintiff's SNAP-related claim. See Midwood v. Comm'r of Soc. Sec., No. 2:24-CV-1668 AC, 2025 WL 1285729, at *3 n.4 (E.D. Cal. May 2, 2025) (POMS is "an internal agency document used by [Social Security] employees to process claims."). Moreover, "POMS 'does not impose judicially enforceable duties' on either the court or the ALJ." Id. (quoting Lockwood v. Comm'r Soc. Sec. Admin., 616 F.3d 1068, 1073 (9th Cir. 2010)). Accordingly, even if this court had jurisdiction over this case, plaintiff's complaint should be dismissed for failure to state a claim.

## Conclusion

Based on the foregoing, the district judge should grant DHHS's motion to dismiss (Doc. No. 10). Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the objection(s) to this Report and Recommendation "are subject to review in the district court." Id.  (cleaned up).

Additionally, any issues "not preserved by such objection are precluded on appeal." Id.

```
                                    _____
                                    Andrea K. Johnstone
                                    United States Magistrate Judge
September 30, 2025

cc: Rachel Brown, pro se
```